UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas M. Orlando, | Case No.: 2:20-cv-01904-JAD-VCF |
| Plaintiff | |
| v. | **Order Denying Motion to Expedite Trial** |
| Government Employees Insurance Co., et al., | [ECF No. 16] |
| Defendants | |

Plaintiff Thomas M. Orlando sues Government Employees Insurance Co. (more commonly known as Geico) for failing to provide underinsured-motorist coverage after he was seriously injured in a car accident.[1] He moves to expedite this matter's trial date under both state and federal law, asserting that (1) Nevada Revised Statute § 16.025 provides a substantive right for elderly litigants like himself to seek early trial dates; and (2) this court's "power" to "manage its trials" authorizes my setting an accelerated schedule.[2] Geico disagrees with both points, arguing that Nevada's trial-setting statute is a procedural rule that, under *Erie Railroad Co. v. Tompkins*,[3] does not apply in federal court and that an expedited trial date would be prejudicial.[4] I find that Geico is on the right side of the *Erie* doctrine's tracks and that an accelerated schedule is unwarranted at this juncture. So I deny Orlando's request.

**Discussion**

Orlando's motion presents a classic *Erie* doctrine question: whether this federal court must apply NRS § 16.025 in this diversity action and expedite the parties' trial date. Orlando

---

[1] ECF No. 13 (amended complaint).
[2] ECF No. 18 (scheduling order).
[3] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[4] ECF No. 20.

argues that I should because NRS § 16.025 affords Nevada litigants over the age of 70 a substantive right to an early trial.[5]  Geico argues that NRS § 16.025 is not a substantive law but a procedural one, and thus has no place in federal court.  Neither party identifies, nor can I find, controlling precedent resolving this issue or a federal rule that might govern or contradict the state law.[6]

Under *Erie Railroad Co. v. Tompkins*, the overriding consideration as to whether state or federal law applies centers on whether the litigation's outcome would be "substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in state court."[7] This means that in a federal diversity action, the district court applies state substantive law—those rights and remedies that bear upon the outcome of the suit—and federal procedural law—the processes or modes for enforcing those substantive rights and remedies.[8]  State laws that solely address procedure and do not "function as a part of the State's definition of substantive rights and remedies" are inapplicable in federal diversity actions.[9]  But distinguishing between procedural and substantive law "for *Erie* purposes is sometimes a challenging endeavor."[10]  "A

---

[5] NRS § 16.025 states that a "court may give preference in setting a date for the trial of the action" upon "motion of a party to an action who is 70 years of age or older."  Nev. Rev. Stat. § 16.025.

[6] *In re Cnty. of Orange*, 784 F.3d 520, 527 (9th Cir. 2015) ("When confronted with an *Erie* question, we first ask whether a Federal Rule of Civil Procedure or a federal law governs."). While Geico argues that Federal Rule of Civil Procedure 16(a) governs, that rule governs pretrial conferences, not trial.  *See* Fed. R. Civ. P. 16(a) ("[T]he court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action.").

[7] *Guaranty Tr. Co. v. York*, 326 U.S. 99, 109 (1945).

[8] *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941).

[9] *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 416–17 (2010) (Stevens, J., concurring in the judgment).

[10] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

state procedural rule, though undeniably procedural in the ordinary sense of the term, may exist to influence substantive outcomes, and may in some instances become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy."[11] Thankfully, NRS § 16.025 does not require us to chug uphill through complicated precedent.[12]  It is clearly procedural.

      Section 16.025 merely permits litigants to move for earlier trial dates; it is not "outcome-determinative" and has no effect on the rights or remedies available in the underlying suit.[13]  The Ninth Circuit has long held that "the jury trial right" is a "procedural right that guarantees a particular *mode* of enforcing certain substantive rights."[14]  And circuit courts around the country, including judges in the Ninth Circuit, have reasoned that state laws "designed to expedite" the disposition of a matter are procedural.[15]  For example, when considering California's anti-SLAPP statute under *Erie*, the concurrence in *Makaeff v. Trump University, LLC* explained that the law was procedural and not substantive because it "deals only with the conduct of the

---

[11] *Shady Grove*, 559 U.S. at 419–20 (Stevens, J., concurring in the judgment) (internal citation and quotation marks omitted).

[12] *See* Erwin Chemerinsky, *Federal Jurisdiction* § 5.3, at 351–65 (7th ed. 2016) (describing the Supreme Court's multi-faceted analysis to distinguish between procedure and substance to prevent forum shopping and the inequitable administration of the laws).

[13] *See Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

[14] *In re Cnty. of Orange*, 784 F.3d at 528, 531 ("Federal courts (including ours) have applied *Erie* to hold that the right to a jury trial is a federal procedural issue controlled by federal law.").

[15] *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668–69 (10th Cir. 2018) (holding that New Mexico's anti-SLAPP law is clearly a procedural law because it is "designed to expedite the disposition of frivolous lawsuits aimed at threatening free speech rights" and merely informs the trial court that it must "hurry up and decide dispositive pretrial motions in lawsuits that a movant claims fit the description of 'baseless'"); *Moe v. Avions Marcel Dassault-Breguet Aviation*, 727 F.2d 917, 932 (10th Cir. 1984) (reasoning that a rule designed to "expedite trial proceedings" is procedural); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J., concurring).

3

lawsuit; it creates no rights independent of existing litigation; and its only purpose is the swift termination of certain lawsuits the legislators believed to be unduly burdensome."[16] So too here.

I also decline to exercise my inherent power to accelerate this suit's trial date. The parties stipulated to a discovery plan and scheduling order,[17] which was entered by this court on February 26, 2021.[18] It set multiple deadlines in this matter, including an August 2, 2021, discovery-period deadline; a September 1, 2021, dispositive-motion deadline; and an October 1, 2021, joint pretrial-order deadline.[19] I see no reason why these dates should be voided by Orlando's unilateral request. Should the parties wish to truncate that schedule, they have other ways to do so under the Federal Rules of Civil Procedure and this court's local rules.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Thomas Orlando's motion to expedite trial **[ECF No. 16] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 9, 2021

---

[16] *Makaeff*, 715 F.3d at 274.
[17] ECF No. 17.
[18] ECF No. 18.
[19] *Id.*

4